■ BAIVARD REALTY CORP., Individually and as Assignee of M. N. AXINN Co. INC. and as Assignee of MAXCO, INC., Appellant-Respondent, v. STATE OF NEW YORK, Respondent-Appellant. (Claim No. 36860.) — GIBSON, P. J. Appeal by claimant Baivard Realty Corp., on the ground of inadequacy, from an award which included damages of $45,000 for the appropriation, in connection with a railroad grade crossing elimination, of a temporary easement for a railroad detour upon an area of 22,478 square feet of land theretofore used for purposes of a lumber yard and millwork plant, this appropriation, plus a fee taking, leaving an area of 48,321 square feet available for the continued operation of these businesses. Claimant is the owner of the realty and is, also, the assignee of the claims of its lessee and a sublessee. Cross appeal by the State on the ground of excessiveness. On this appeal, neither party contests the remainder of the award, which was for the fee taking. It was necessary to remove buildings from the property taken for easement purposes and,

in order to continue the business, to remove certain buildings from the remaining property in order to construct a driveway thereon; and, further, to construct, upon the remaining property, buildings in replacement of those removed or demolished. We find applicable, to the extent hereafter indicated, the principle that where the temporary taking is for a period less than the balance of the demised term, the lessee is entitled to the market rental value, to be appraised not merely by the long-term rent but with appropriate regard to removal and like costs, including those incurred by the tenant in minimization of his damage. (See *United States* v. *General Motors Corp.*, 323 U. S. 373; 4 Nichols, Eminent Domain [3d ed.], § 14.22.) The State contends that because of one individual's majority stock ownership in, and control of each of the three corporate claimants there existed a unity of ownership so complete as to require the court to deny effect to the leases and to treat claimants as owners of the fee. The record affords but tenuous support, if that, for the State's theory and falls far short of establishing a factual situation such as existed in *Guptill Holding Corp.* v. *State of New York* (20 A D 2d 832; 23 A D 2d 434, mot. for lv. to app. den. 16 N Y 2d 484), upon which the State relies. The State's contention that the rule of the *General Motors* case (*supra*) is inapplicable here, because there remained available to the lessee approximately two thirds of the area originally subject to the lease, also seems to us mistaken; as it satisfactorily appears that the removal to the unappropriated area was properly considered by the trial court as minimizing claimant's damages, and found to have that result, and that, in consequence, the cost thereof was an element to be given effect in determining market rental value. The facts of this case, however, do not warrant the application of the rule beyond the costs of one removal. Claimant, of course, moved only to another part of the leased property and thus was not obliged to meet the costs of removal to, and subsequent return from a temporary site; and, therefore, after recovering the value of the buildings removed or demolished, was not entitled to duplicative damages representing the cost of replacement with new buildings, these, apparently, of better or at least heavier and costlier construction, permanently located on the new sites. The State concedes certain items of direct and consequential damage in the amounts proven by claimant, these aggregating $17,178 and including basic rental value, values of three buildings, cost of exterior improvements and of construction and restoration of driveways. The remainder of the award of $45,000 for the temporary easement is $27,822. This amount (which includes labor costs for removal of personal property and demolition of buildings, in the amount of $23,953.13, which we find to be allowable as incurred in minimization of damages) was properly considered in determining rental value and has adequate support in the record. Judgment affirmed, without costs. Herlihy, Taylor, Aulisi and Hamm, JJ., concur.